# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HARRY WINSTON, INC. | Case No.: 2:11-cv-01013 |
| Plaintiff | |
| v. | Judge: Sargus |
| ADLER WINSTON DIAMOND CORPORATION | |
| and | |
| ADLER WINSTON, INC | |
| and | |
| BRADLEY H. HARRIS | |
| Defendants | |
| | Magistrate Judge: King |

## FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Harry Winston Inc. (hereinafter referred to as either "Harry Winston" or "Plaintiff"), and Defendants Adler Winston Diamond Corporation and Bradley H. Harris (hereinafter collectively referred to as "Defendants"), have submitted to the Court the following stipulations of facts which are hereby approved and adopted by the Court as the Final Judgment as to the Defendants in this matter:

2746437v1

1. Prior to the acts of the Defendants complained of herein, Harry Winston has extensively used, advertised, marketed and sold products and services, including but not limited to jewelry of all types, timepieces and retail store services throughout the United States under or in connection with its distinctive common law and registered Winston trademarks and service marks (the "Winston Marks").

2. Prior to the acts of the Defendants complained of herein, Harry Winston owned valid and enforceable trademark rights in the Winston Marks as for jewelry of all types, timepieces and retail store services.

3. The names and trademarks "Winston" and "Harry Winston" have, for nearly a century, been exclusively associated with the House of Harry Winston and its signature fine jewelry and precious stones, timepieces and stores selling such products, and are synonymous with the Harry Winston reputation for unparalleled quality and exquisite design that emphasized the beauty of the stones and fine craftsmanship.

4. Because of the renown and reputation of Harry Winston, the name and trademarks "Winston" and "Harry Winston" are closely associated in the minds of consumers with celebrity imagery and glamour. Mr. Harry Winston was known as the "Jeweler to the Stars" and today Winston is known as such.

5. Plaintiffs own valid and subsisting registrations in the United States Patent and Trademark Office ("PTO") for, inter alia, the following Winston Marks:

   a. WINSTON - Registration No. 848,629, Registered May 7, 1968, jewelry and polished diamonds;

   b. HARRY WINSTON - Registration No. 3,355,622, Registered December 18, 2007, jewelry and watches, namely, bracelets, earrings, rings, brooches, pendants, polished diamonds, precious and semiprecious gemstones, wrist-watches, pocket-watches, clocks, watch-bracelets, bracelets-fasteners, watch-cases and watch-movements;

c. HARRY WINSTON DIAMOND – Registration No. 3,787,850, Registered May 11, 2010 for diamonds and rough diamonds; ;

d. HARRY WINSTON – Registration No. 3,616,973, Registered May 9, 2009 for retail store services specializing in the sale of diamonds and rough diamonds;

e. HW HARRY WINSTON - Registration No. 1,747,040, Registered January 19, 1993, jewelry, [sic] namely, crowns, necklaces, sets of jewels, brooches, bracelets, rings, earrings, cufflinks; horological and chronometric instruments; namely, write-watches, pocket watches, table watches, clocks, alarm-clocks, watch bracelets, bracelet fasteners, watch cases; jewel cases in precious metals, precious and semi-precious stones;

6. Registration Nos. 848,629 and 1,747,040 are incontestable, which provides conclusive evidence of the validity of the registrations, the Plaintiffs' ownership of the Winston Marks, and of the Plaintiffs' exclusive right to use the Winston Marks in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. § 1115(b).

7. The Winston Marks have been extensively and continually used, promoted and advertised by Plaintiffs within the United States and worldwide for more than seventy (70) years for fine jewelry and related products and services. The Winston Marks on fine jewelry, timepieces and related services have acquired a worldwide recognition by virtue of Plaintiffs' use and efforts to promote and expand the use of the Winston Marks, and through Plaintiffs' vigilance in policing the use of the Winston Marks.

8. The Winston Marks have acquired an extraordinary degree of consumer recognition in the minds of the public, and are now famous and serve uniquely to identify products and services provided by Harry Winston.

9. Plaintiff is the owner of the domain name www.harrywinston.com, registered in 1997. Because of the increasing use of the internet for sales and consumer marketing, the harrywinston.com website is an integral part of Plaintiff's marketing and advertising.

3

10. Subsequent to Plaintiff's adoption and use of its famous Winston Marks, Defendants have been operating an internet website and selling jewelry and diamonds under the trademark and trade names Adler Winston and Adler Winston Diamond Corporation on the website www.adlerwinston.com.

11. The Defendants acknowledge that use of the Winston Trademarks or variations of said trademarks or unauthorized versions of said trademarks in connection with the sale of jewelry (a) is likely to deceive or confuse the public; (b) would constitute a false designation of goods and services by passing them off as being associated with Plaintiffs (c) would suggest a connection with Plaintiff which is non-existent; (d) would suggest that Plaintiff has sponsored, licensed or approved of such unauthorized goods, services, or businesses or that one has some connection with the business of Plaintiff; (e) would unfairly trade off of the fame and goodwill of Harry Winston; and (f) use of the domain name www.adlerwinston.com could suggest a connection with Plaintiff.

12. The Defendants acknowledge that such use of the Winston Trademarks or variations of said trademarks or unauthorized versions of said trademarks on jewelry or on a retail store or internet website would constitute infringement of trademarks under the Lanham Act, 15 U.S.C. § 1114(a), unfair competition, false designation of origin and passing off under 15 U.S.C. § 1125(a), and cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

## PERMANENT INJUNCTION

This cause having come on for hearing and by and with the consent of the parties and the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED and DECREED that:

2746437v1

1. Defendants, each of their agents, servants, employees, officers, directors, shareholders, assigns, representatives and successors and all persons in active concert or participation under Defendants' control are hereby ordered:

> (a) To cease using any of the Winston Trademarks, or any variation of the word "Winston" specifically including, but not limited to, the use of the name "Winston" by itself as a trademark, trade name, corporate name, domain name or social media name (including but not limited to FaceBook and Twitter);
>
> (b) To permanently refrain from attempting to obtain a federal trademark registration of any trademark for jewelry or services that includes either the word "Winston" or "Adler Winston" or any trademark that contains the word "Winston";
>
> (c) To cease and permanently refrain from selling any jewelry items under the name "Adler Winston" or "Winston" by itself or any name that contains the word "Winston";
>
> (d) To cease and permanently refrain from using any of the Winston Marks for goods or services (including a retail store), or on the internet, or as domain names, email addresses, social media meta tags, invisible data, or otherwise engaging in acts or conduct that might cause confusion as to the source, sponsorship, endorsement or affiliation of Defendants with Plaintiff;
>
> (e) To contact all telephone companies and directories where Defendants currently have a listing for Adler Winston and instruct such phone companies to change the name of the Defendants to a name that does not include the word "Winston".

2. Defendants shall have six months to phase-in and accomplish full compliance with the preceding paragraph, except that Defendants shall immediately cease all retail uses of the "Winston" and "Adler Winston" names, and will also notify the publishers of any telephone directories in which Defendants currently have listings of its new name and request all such future editions to list Defendants under a name that does not include the word "Winston". Notwithstanding the provisions of the preceding paragraph, Defendants may continue

5

2746437v1

indefinitely to use the domain adlerwinston.com solely for the exclusive purposes or redirecting e-mail to a non-infringing account. Defendants may not, however, use any such domain to publicly display content or to redirect web traffic, other than e-mails, to a non-infringing website.

3. Defendants are further ordered, in accordance with 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiffs within six months after service of the permanent injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction and the items (a) through (e) above;

IT IS FURTHER ORDERED:

1. That this Court has jurisdiction over the parties to and subject matter of this action.

2. That jurisdiction over this cause is retained by this Court for the sole purpose of enforcement of compliance with both this Injunction and the Settlement Agreement (attached hereto as Exhibit A) between Plaintiff and Defendants and for further orders and directions as may be necessary or appropriate from the construction and effectuation of this Final Consent Judgment and Permanent Injunction and Settlement Agreement.

3. That except for the relief herein granted, the above identified civil action, including all claims, counterclaims, and affirmative defenses which Plaintiff or Defendants have, could have or should have accorded therein, is hereby dismissed with prejudice; and

4. Plaintiff and Defendants have waived notice of the entry of this Final Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity.

5. All parties shall pay their own attorney's fees and costs.

Dated: 3-1-2012

United States District Court Judge
E. Sargus

2746437v1

APPROVED AS TO FORM

Harry Winston Inc.

*/s/ Joseph R. Dreitler*
Joseph R. Dreitler (0012441)
Mary R. True (0046880)
Dreitler True, LLC
137 E. State Street
Columbus, OH 43215
(614) 545-6354
Attorneys for Plaintiff Harry Winston Inc.


ADLER WINSTON DIAMOND CORPORATION
BRADLEY H. HARRIS

*/s/ Mark K. Stansbury*
Mark K. Stansbury, Esq.
The Stansbury Law Firm, LLC
118 Graceland Blvd., No. 218
Columbus, Ohio 43214
Tel: (614) 425-3394
E-mail: mark@stansburylegal.com
Attorney for Defendants Adler Winston Diamond Corporation and Bradley H. Harris